# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Santravis Cobb,

      Petitioner,

v.

      Case No. 1:08cv896

      Judge Michael R. Barrett

Warden, Chillicothe Correctional Institution,

      Respondent.

### ORDER

This matter is before the Court on Magistrate Judge Timothy S. Hogan's January 15, 2011, Report and Recommendation ("R&R") (Doc. 12),[1] which recommends denial with prejudice of Petitioner's habeas-corpus action under 28 U.S.C. § 2254. In addition, Magistrate Judge Hogan recommends that Petitioner be granted a certificate of appealability with regards to both grounds for relief alleged in the petition and leave to appeal *in forma pauperis*. (Doc. 12, 24.)

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed objections to the R&R. (Doc. 17.) For the reasons provided below, the Court ADOPTS the magistrate judge's R&R in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

**I.     BACKGROUND**

The full history of this case is set forth in Respondent's Answer/Return of Writ. (Doc. 5.) Thus, the Court will provide only a brief summary here.

In March 2006, Petitioner was indicted on multiple drug offenses. In April 2006, Petitioner was arraigned and assigned appointed counsel. In May, on the morning of the scheduled trial, Petitioner moved to substitute privately retained counsel, who asked that he be allowed to appear on Petitioner's behalf and that the court continue the trial. The prosecutor opposed the continuance, and the trial court ultimately denied Petitioner's motion after hearing arguments from both sides. Petitioner then entered into negotiations that resulted in a no contest plea and a sentence of two ten-year prison terms to be served consecutively.

Petitioner appealed his conviction, setting forth two assignments of error. Petitioner argued that the trial court erred by not permitting his privately retained counsel to represent him at trial and by sentencing him to consecutive rather than simultaneous prison terms. The court of appeals denied Petitioner's appeal. Petitioner, pro se, appealed, and the Ohio Supreme Court dismissed his appeal finding that it lacked any substantial constitutional question.

In June 2007, while the direct appeal was pending with the Ohio Supreme Court, Petitioner filed an application for reopening with the appellate court under Ohio Rules of Appellate Procedure 26(B), alleging ineffective assistance of counsel. In May 2008, Petitioner filed an additional application for reopening under Ohio App. R. 26(A) after the appellate court denied the 26(B) motion. Petitioner failed to file a timely appeal to the court of appeal's denial of his App. R. 26(B) motion for reconsideration. In June

2008, the appeals court denied the App. R. 26(A) delayed application, and, in August 2008, the Supreme Court declined to exercise jurisdiction over the subsequent appeal after finding that it lacked any substantial constitutional question.

Petitioner then brought this habeas-corpus action under 28 U.S.C. § 2254.

## II.  ANALYSIS

Federal Rule of Civil Procedure 72 provides that a district judge shall consider a party's objections to a magistrate's order on non-dispositive matters and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The clearly erroneous standard "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.' In the absence of clear error, the magistrate's order must stand." *Bank One Columbus, Ohio, N.A. v. First Fin. Ventures, LLC*, No. 2:01-CV-0049, 2001 WL 840310, at *3 (S.D. Ohio July 5, 2001) (*quoting Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997)).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; s*ee also* 28 U.S.C. § 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### *A.* *Ground One: Sixth Amendment Right to Counsel*

Petitioner asserts that the conviction deprived him of his Sixth Amendment right to counsel of his own choosing. In his objections (Doc. 17), Petitioner asserts that Magistrate Judge Hogan failed to analyze *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), as the binding precedent in his case and failed to take appropriate judicial notice of the Ohio appellate court's insufficient methodology under *Saldivar-Trujillo*, 380 F.3d 274 (6th Cir. 2004). (Doc. 17, 3–4.) Petitioner's objections are not well taken.

#### 1. Standard of Review

A state court's decision is contrary to clearly established law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent. *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

4

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. 28 U.S.C. § 2254(d)(1); *see Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin,* 503 F.3d 488, 493 (6th Cir. 2007) (*citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Additionally, a federal habeas court must presume that state court factual determinations are correct. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### 2. Reasonableness Inquiry

It is well established that the right to counsel of one's choice is not absolute. *See Wheat v. United States*, 486 U.S. 153, 159 (1988). The decision regarding whether to appoint new counsel at a defendant's request is committed to the sound discretion of the trial court. *United States v. Saldivar-Trujillo*, 380 F.3d 274, 277-78 (6th Cir. 2004). In *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006), the Supreme Court held that

5

a defendant could obtain a new trial without showing prejudice when the trial court arbitrarily denied him the services of his retained counsel—in that case, by erroneously refusing to grant the chosen attorney admission pro hac vice. 548 U.S. at 143, 144-45. However, *Gonzalez-Lopez* does not suggest that the choice-of-counsel right at issue is absolute; its holding only addresses situations in which "the defendant is **erroneously prevented** from being represented by the lawyer he wants . . . ." *Id.* at 148 (emphasis added). The Supreme Court went on to recognize that "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar. . . . None of these limitations on the right to choose one's counsel is relevant here." *Id.* at 152 (internal citations omitted).

Petitioner attempts to excise the unhelpful portion of the balancing test required by *Gonzalez-Lopez* by objecting to the Magistrate Judge's approval of the appellate court's "prejudice analysis." (Doc. 17, 3.) Petitioner fails to acknowledge that, in *Gonzalez-Lopez*, the government admitted that the defendant had been erroneously deprived of his chosen counsel, but argued that this deprivation should be excused because the defendant was not prejudiced as a result. 548 U.S. at 150. *Gonzalez-Lopez* is inapplicable to cases in which the trial court properly balanced the defendant's Sixth Amendment right to counsel of his choice with the demands of its calendar and other equitable considerations. *See Benitez v. United States,* 521 F.3d 625, 635 (6th Cir. 2008) ("This is not to say, of course, that the district court would have been required to permit Benitez to substitute counsel or to delay the sentencing hearing.") (*citing United States v. Gonzalez-Lopez*, 548 U.S. 140, 150-01 (2006)).

In this case, the trial court did not abuse its discretion nor violate Petitioner's

6

constitutional rights in denying his request for substitute counsel because it properly weighed Petitioner's right to counsel with the burden the substitution would have had on its schedule and on the prosecutor.  The Ohio court of appeals and Magistrate Judge Hogan concluded that Petitioner's claim lacked merit, and each supported this conclusion with ample analysis using the proper standard of review.  Petitioner's objection to the Magistrate Judge's recitation of the underlying facts is inapposite to the objective reasonableness analysis.  *See Warren v. Smith*, 161 F.3d at 360-61.

This Court agrees with Magistrate Judge Hogan's determination that the Ohio appellate court's rejection of Petitioner's motion was reasonable.  Petitioner has failed to establish that the trial court erred in denying his request for substitute counsel. Therefore, habeas relief is not warranted under this line of inquiry.

### a) *Saldivar-Trujillo*'s Test

In assessing a motion to substitute counsel, a court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; (3) whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) the balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.  *Saldivar-Trujillo*, 380 F.3d 274, 277-78 (6th Cir. 2004) (*citing United States v. Iles*, 906 F.2d 1122, 1130 n.8 (6th Cir.1990)).

Again, Petitioner ignores the unhelpful portions of this test.  Petitioner's reliance on the Magistrate Judge's alleged failure to adequately consider two of the four *Saldivar-Trujillo* factors is unavailing.  (Doc. 17, 4-5.)  Factors one, three, and four weighed considerably against granting Petitioner's request for substitute counsel.  First,

7

Petitioner only expressed dissatisfaction with his counsel on the morning of his trial when he attempted to substitute privately retained counsel. A request for substitute counsel on the day of trial is untimely and weighs against granting such a motion. *See Saldivar-Trujillo*, 380 F.3d at 278-79. Second, while the court did not conduct an extensive inquiry into the substance of Petitioner's complaint, the record does not indicate that Petitioner's complaint arose from any conflict with his appointed counsel. The conflict, if any, was clearly not so great as to result in a total lack of communication preventing an adequate defense. Third, the trial court weighed all the factors and acted within its discretion to decide in favor of the public's interest in the prompt and efficient administration of justice.

The Court agrees with Magistrate Judge Hogan's determination that the Ohio appellate court's rejection of Petitioner's motion was not an abuse of discretion under *Saldivar-Trujillo*. Petitioner has failed to establish that the trial court erred in denying his request for substitute counsel, and habeas relief is not warranted.

### B. *Ground Two: Double Jeopardy*

Petitioner asserts that the plea deal subjected him to the imposition of multiple punishments for allied offenses of similar import, and this result violated the Double Jeopardy Clause of the United States Constitution. In addition, Petitioner asserts that this claim was not procedurally defaulted. Petitioner specifically objects to Magistrate Judge Hogan's "assessment that the instant claim was not fully exhausted in the state courts through [Petitioner's] delayed application for reconsideration of the denial of [Petitioner's] application for reopening." (Doc. 17, 6.) In the alternative, Petitioner claims that the allegedly procedurally defaulted claim should be considered because

8

Petitioner can show cause or the ruling would result in a fundamental miscarriage of justice. (Doc. 17, 7-8.) Petitioner's objections are not well taken.

### 1. Procedural Default

Prior to addressing the merits of Petitioner's claim, this Court must determine that the claim is properly before it and has not been procedurally defaulted. "'Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision.'" *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004) (*quoting Clinkscale v. Carter*, 375 F.3d 430, 435 (6th Cir. 2004)). As such, federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Such a "procedural default" occurs when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005).

Notwithstanding Petitioner's objection to the contrary, which proffer no case law to support his position that his Ohio App. R. 26(B) motion for reconsideration due to ineffective counsel preserved an independent double-jeopardy claim, the Court agrees with the Magistrate Judge's analysis that Petitioner's claim was procedurally defaulted. Petitioner committed a procedural default by failing to raise his record-based double-jeopardy claim in the state direct review proceedings. His attempt to bootstrap this claim by alleging that his appellate counsel should have asserted the claim on direct

appeal is inefficacious.  Under Ohio R. App. P. 26(B), the underlying claim of error cannot serve as an independent justification for reopening the appeal but, rather, only as an example of appellate counsel's ineffectiveness.

### a) Cause for Procedural Default

A petitioner may overcome procedural default if he can demonstrate "'cause for the default and actual prejudice as a result of the alleged violation of federal law . . . .'" *Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009) (*quoting Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).

Petitioner fails to direct the Court to new evidence or case law to support his position that an application for reopening a motion for reconsideration under Ohio App. R. 26(A) due to ineffective assistance of counsel, which was denied for failure to assert an error in the appellate court's judgment and later denied review by the Ohio Supreme Court because the motion lacked any substantial constitutional question, constitutes cause for committing procedural default in regards to failing to appeal a double-jeopardy claim through direct appeal.  Although appellate counsel's ineffectiveness may amount to cause for procedural default occurring in an appeal as of right to the Ohio Court of Appeals, cause cannot be established if the ineffective assistance of appellate counsel claim was itself procedurally defaulted.  See *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *see also Edwards v. Carpenter*, 529 U.S. 446 451-53 (2000); *Burroughs v. Murkowski*, 411 F.3d 665, 667-68 (6th Cir. 2005) (per curiam), *cert. denied*, 546 U.S. 1017 (2005).  The Court agrees with the Magistrate Judge's analysis that Petitioner lacks cause under this line of reasoning.

Petitioner's additional assertion of cause, that a subsequent "clarification of law"

justified a delayed application for reconsideration, fails on two levels. (Doc. 17, 6.) The Supreme Court has held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross*, 468 U.S. 1, 16 (1984); *see also Bousley v. United States,* 523 U.S. 614, 622 (1998). However, at the time of Petitioner's direct appeal, Ohio appellate courts had split on the issue of the double-jeopardy claim herein. *Cf. Bousley*, 523 U.S. at 622. Even assuming arguendo that the legal basis for Petitioner's claim was not reasonably available to appellate counsel at the time of Petitioner's direct appeal, this does not discount the analysis above regarding Petitioner's failure to appeal his motion for reconsideration. Petitioner conflates the procedural import of direct versus indirect appeals. As such, the Court concludes that Petitioner is unable to establish cause for his procedural default.

### b) Fundamental Miscarriage of Justice

A petitioner may overcome procedural default if he can demonstrate that a "fundamental miscarriage of justice" will result if the court declines to consider his claims. *Murphy*, 551 F.3d 485, 502 (6th Cir. 2009) (*citing Coleman v. Thompson*, 501 U.S. 722, 732 (6th Cir. 1991). To demonstrate that a "fundamental miscarriage of justice" would occur absent review of a petitioner's claim, the petitioner must assert a credible claim of actual innocence that is supported by reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995). To establish actual innocence, a petitioner must demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Thus, if the *Schlup* test is met, a federal habeas petitioner

11

may have an otherwise barred constitutional claim considered on the merits.

In *Sawyer v. Whitley*, the Supreme Court narrowly held that a federal habeas court may review an otherwise defaulted claim under the exceptionally limited circumstances where the petitioner could demonstrate "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under applicable state law." 505 U.S. 333, 336 (1992). The Supreme Court recently affirmed the contours of the narrow "actual innocence" exception in *Dretke v. Haley* when it declined an opportunity to extend the actual innocence exception to noncapital sentencing errors. 541 U.S. 386, 393 (2004). The Sixth Circuit has not directly addressed this issue, but other circuits have provided some, albeit conflicting, guidance.

The circuits remain divided when interpreting the language of *Sawyer* and *Dretke*. The Second Circuit has adopted the broadest reading by seemingly endorsing the application of the actual innocence exception to all sentencing proceedings. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170-71 (2d Cir. 2000). The Fourth and Fifth Circuits have taken a narrow approach by limiting the actual innocence exception to the context of eligibility for a career or habitual offender enhancement. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *United States v. Maybeck*, 23 F.3d 888, 893 (4th Cir. 1994) ("[W]e see little difference between holding that a defendant can be innocent of the acts required to enhance a sentence in a death case and applying a parallel rationale in non-capital cases."); *Haley v. Cockrell*, 306 F.3d 257, 265 (5th Cir. 2002); *see also Cristin v. Brennan*, 281 F.3d 404, 422 (3d Cir. 2002) ("Those courts that have extended *Sawyer*'s holding on the 'actual

12

innocence' of a sentence have uniformly done so in the context of testing the factual findings on which a particular non-capital sentence is based, such as prior convictions.").

While the Ninth Circuit has not directly addressed this issue, district court cases support the conclusion that the actual innocence exception does not apply to sentencing error claims in noncapital cases. *Nasset v. Belleque*, No. 06-611-CL, 2008 U.S. Dist. LEXIS 115140, at *17 (D. Or. Sept. 11, 2008) (*citing Downs v. McGee*, CV 04-6215-MA, 2006 U.S. Dist. LEXIS 41260, 2006 WL 1582304, at *6 (D. Ore. June 1, 2006) ("neither the Ninth Circuit nor this court has expanded the actual innocence exception to permit a petitioner to attack a noncapital sentence."), *aff'd*, 246 F. App'x 476 (9th Cir. 2007)). The case law in three other circuits is sufficiently ambiguous as to prevent any divination in regards to the state of the law in each circuit. *Compare*, *Jones v. Arkansas*, 929 F.2d 375, 381 (8th Cir. 1991), *with Embrey v. Hershberger*, 131 F.3d 739, 740 (8th Cir. 1997).

The R&R correctly points out that the Sixth Circuit has yet to directly address this issue except to state that the Supreme Court has not issued a clear ruling on whether or not to extend the actual innocence exception to noncapital cases. *Ross v. Berghuis*, 417 F.3d 552, 557 (6th Cir. 2005). In two earlier unpublished opinions, the Sixth Circuit rejected any extension of the actual innocence exception to noncapital cases. *Flahardy v. United States*, No. 95-5281, 1995 U.S. App. LEXIS 36911, at *6 (6th Cir. Sept. 27, 1995) (unpublished); *Black v. United States*, No. 95-5041, 1995 U.S. App. LEXIS 20847, at *5 (6th Cir. July 26, 1995) (unpublished). For noncapital cases, the Sixth Circuit held that claims of actual innocence were reserved only for cases where the

13

petitioner asserted substantive innocence of the actual offense.  *Flahardy*, 1995 U.S. App. LEXIS 36911, at *5-6; *Black*, 1995 U.S. App. LEXIS 20847, at *4-5; *see also Gibbs v. United States*, 2:97-CV-556, 2009 U.S. Dist. LEXIS 35002, at *21-22 (S.D. Ohio Apr. 15, 2009) (unpublished).

The Court agrees with the Magistrate Judge that unpublished Sixth Circuit precedent and analogous cases in other circuits weigh against extending the actual innocence exception to consecutive sentences in noncapital cases.  *See, e.g.*, *Selsor v. Kaiser*, 22 F.3d 1029, 1035 (10th Cir. 1994) (noting "that even if the petitioner prevailed on the merits of his double jeopardy claim he would not show factual innocence; rather, doing so would show only legal innocence of part of his conviction.") (quotations omitted). Assuming arguendo that the actual innocence exception extends to noncapital offenses involving double-jeopardy claims, actual innocence can be used to obviate procedural default for an untimely filing of a habeas-corpus petition in a noncapital case only if the petitioner can prove his innocence of the sentence imposed.  *See Ross*, 417 F.3d at 555-57; *see, e.g.*, *Goldman v. Winn*, 565 F. Supp. 2d 200, 228 (D. Mass. 2008) (granting habeas relief pursuant to 28 U.S.C.S. § 2241, and holding that the inmate's clear and convincing evidentiary showing of actual innocence excused the default).

Petitioner's showing of actual innocence would serve as a "gateway" to hear his otherwise defaulted claim that his consecutive sentences were improper as the sentencing was in violation of the Double Jeopardy Clause.  It is difficult for this Court to conclude that petitioner can meet this "actual innocence" exception in view of the fact that the record suggests that Petitioner would have been separately convicted of trafficking and possession.  (Doc. 12, 23-24.)

14

It is well established that either cause and prejudice or a fundamental miscarriage of justice must be established in order to excuse procedural default. *Johnson v. Wolfenbarger*, 391 F. App'x 510, 513-14 (6th Cir. 2010) (*citing Murray*, 477 U.S. at 488 (1986) and *Murphy*, 551 F.3d at 501-02). Petitioner cannot demonstrate that either the cause and prejudice or the fundamental miscarriage of justice exceptions apply to his case. Therefore, this Court must conclude that his second ground is procedurally defaulted, and habeas relief is not warranted.

### III.  CONCLUSION

After reviewing this matter de novo, the Court ADOPTS the magistrate judge's R&R. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED with prejudice.

A certificate of appealability will be issued, and *in forma pauperis* status will be granted consistent with the opinion by the Magistrate Judge as outlined in the R&R (Doc. 12).

**IT IS SO ORDERED**.

                                        *s/Michael R. Barrett*
                                        United States District Judge